UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHAUN JOHNSON, | ) | |
| | ) | Case No. 3:16-CV-468 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| AMANDA HINDS, | ) | |
| | ) | |
| *Defendant*. | ) | |

# MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] that the United States District Court for the Middle District of Tennessee transferred to this Court after assessing Plaintiff with the filing fee [Doc. 3]. For the reasons set forth below, Plaintiff shall have fifteen days from the date of entry of this order to file an amended complaint.

## I. SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he is a compulsive mutilator who requires therapy and that Defendant Nurse Hinds punishes him for having episodes of unrest and instability and denies him treatment for engaging in self-harm behaviors [Doc. 1 at 4–5]. In support of this claim, Plaintiff attached a letter from Defendant Hinds to Plaintiff. In this letter, Ms. Hinds notes that Plaintiff engaged in self-harm after attending a group therapy session and states that "[i]n order to engage in group programming you will need to demonstrate behaviors conducive to a group

setting as well as safety towards yourself and others." [*Id.* at 4]. Plaintiff alleges that this letter encourages him to engage in positive coping skills, rather than self-harm [*Id.*] As Plaintiff's complaint contains no specific factual allegations regarding Defendant Hinds' alleged punishment and/or denial of treatment, it appears that Plaintiff's claim arises out of Defendant Hinds's implied threat of removing Plaintiff from group therapy if he continues to self-harm after that group therapy.

Plaintiff's complaint does not contain sufficient factual matter to allow the Court to determine whether Defendant Hinds actually denied him treatment based upon this letter and/or acted in any other manner that may have violated Plaintiff's constitutional rights. Nonetheless, Plaintiff will have fifteen days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific individual(s) who violated his constitutional rights.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

### III. CONCLUSION

For the reasons set forth above, Plaintiff has fifteen days from the date of entry of this order to file an amended complaint. Plaintiff is **NOTIFIED** that any amended complaint Plaintiff files will completely supplant the previous complaint and that if he fails to timely

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court. Plaintiff is **ORDERED** to inform the Court of any address changes immediately. Failure to provide a correct address to this Court within fourteen days following any change of address will result in the dismissal of this action.

**SO ORDERED**.

**E N T E R**:

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**